BOURQUIN v. BLOOMINGDALE et al.

(Supreme Court, Appellate Term, First Department. June 18, 1914.)

MUNICIPAL CORPORATIONS (§ 706*)—COLLISIONS ON STREETS—NEGLIGENCE—EVIDENCE.

> Mere proof that a boy seven years old joined a crowd of boys on the sidewalk, and in endeavoring to escape from another boy running after him collided with a horse and wagon, did not show that the accident was due to negligence of the driver.

> [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1518; Dec. Dig. § 706.*]

Appeal from City Court of New York, Special Term.

Action by Emil Bourquin, an infant, by Paul Bourquin, his guardian ad litem, against Samuel J. Bloomingdale, and others, doing business under the firm name and style of Bloomingdale Bros. From an order setting aside a verdict for plaintiff, he appeals. Affirmed.

Argued June term, 1914, before SEABURY, PAGE, and BIJUR, JJ.

Joseph H. Freedman (Samuel Deutsch, of New York City, of counsel), for appellant.

Carl Schurz Petrasch, of New York City (Sidney L. Teven, of New York City, of counsel), for respondents.

SEABURY, J. This action is brought by an infant through his guardian ad litem to recover damages for personal injuries alleged to have been caused by the negligence of one of the employés of the defendants.

The plaintiff is a boy of seven years of age. He was preliminarily examined upon the trial as to the consequences of falsehood in this world and the next, children being the only persons who are still subjected to this catechism in a court of justice. The boy met all the legal tests, stoutly maintaining that if he did not tell the truth he would "get arrested," and that God would "send you to hell." Having thus satisfied all legal requirements, the plaintiff was, as the record shows, "duly sworn." From his testimony it appears that he was upon the street with his mother. He left his mother and joined a crowd of boys on the sidewalk. One of the boys in the crowd, who was holding a mouse by the tail, ran after the plaintiff, who, in endeavoring to escape from him, collided with a horse and wagon of the defendants, and sustained a fracture of the arm. At the close of the case the court reserved decision on the motion to dismiss the complaint, and submitted

the issues to the jury, who returned a verdict for the plaintiff for $150. The court set aside the verdict and granted the motion to dismiss the complaint. This ruling was clearly correct. No negligence on the part of the defendants was proved. The accident was undoubtedly due to the unfortunate act of the boy in running into the horse and wagon. The accident not having been shown to be due to the defendants' negligence, there was no basis for the plaintiff's recovery.

Order affirmed with costs. All concur.